```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

AKSHAY M. DESAI,

    Plaintiff,

v.                            Case No. 8:16-cv-1929-T-33AAS

KASSIM ALY MAHMOOD,

    Defendant.
_____/

## **ORDER**

    This cause comes before the Court sua sponte. For the reasons that follow, the Court remands this action to the Sixth Judicial Circuit, in and for Pinellas County, Florida pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction.

## **Discussion**

    On June 1, 2016, Plaintiff Akshay Desai, a citizen of Florida, filed a one count complaint against Defendant Kassim Mahmood, a citizen of Minnesota, alleging violation of Florida's Security in Communications Act, Fla. Stat. § 934.10. Specifically, Desai contends that Mahmood "surreptitiously recorded one or more conversations with Dr. Desai to use for his self-interested motivations." (Doc. # 2 at ¶ 3). Desai's Complaint seeks "actual damages" as well

as "prejudgment interest, attorney's fees and costs, [and] an injunction against Mahmood's further use of the impermissible recording." (Id. at 11). Mahmood filed a Notice of Removal in this Court on July 5, 2016, predicating the Court's jurisdiction on complete diversity of citizenship. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Further, if "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Desai does not make a specified claim for damages. (Doc. # 2 at ¶ 8) (generally alleging damages exceeding $15,000, exclusive of interest, attorneys' fees and costs). Mahmood postulates in the Notice of Removal that he

2

"believes that a fair reading of the complaint indicates that the amount in controversy, *i.e.,* the amount Plaintiff is seeking for actual damages and attorneys' fees, exceeds the sum of $75,000 exclusive of interest and costs." (Doc. # 1 at ¶ 16).

District courts construe removal statutes strictly, but are nonetheless "permitted to make reasonable deductions and reasonable inferences and need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount." <u>Keogh v. Clarke Envtl. Mosquito Mgmt., Inc.</u>, No. 8:12-cv-2874-T-30EAJ, 2013 U.S. Dist. LEXIS 20282, at *4-5 (M.D. Fla. Jan. 17, 2013)(internal citations omitted). Overall, the record is devoid of factual allegations to suggest that damages from the alleged tape-recording incident could possibly exceed the $75,000.00 amount in controversy threshold.

The Court recognizes that Desai seeks "actual damages," but the Court has not been supplied with any relevant information regarding these damages such that the Court could determine that the amount in controversy requirement is met with any confidence. The Court declines to engage in rank speculation to ascribe Desai's "actual damages" with any monetary value whatsoever. "The removal statute

contemplates a stronger basis for jurisdiction than mere speculation." <u>Wozniak v. Dolgencorp, LLC</u>, No. 8:09-cv-2224-T-23AEP, 2009 U.S. Dist. LEXIS 113437, at *7 (M.D. Fla. Nov. 19, 2009).

In addition, while statutory attorneys' fees are claimed, such fees must be "available, alleged, incurred, and proven," in order to contribute to the amount in controversy. <u>Crowley v. State Farm Mut. Auto. Ins. Co.</u>, No. 8:13-cv-632-T-23EAJ, 2013 U.S. Dist. LEXIS 148935, at *5 (M.D. Fla. Oct. 15, 2013). Mahmood has not provided any information regarding the amount of fees so far incurred such that this Court could include attorneys' fees into the jurisdictional calculus.

"A removing party (not the court) bears the burden to establish jurisdiction; a removing party (not the court) must find, identify, and prove pertinent jurisdictional facts." <u>Id.</u> at *4. In a case such as this, where "plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." <u>Roe v. Michelin N. Am. Inc.</u>, 613 F.3d 1058, 1061 (11th Cir. 2010). Mahmood falls well short of meeting this burden. The Notice

4

of Removal simply recites the factual allegations of the Complaint and takes note that the Desai seeks actual damages as well as other generic categories of relief. Mahmood does not even attempt to describe the amount in controversy or explain to the Court why the alleged violation of Florida's Security in Communications Act statute could exceed the $75,000.00 jurisdictional threshold.

The removal of this action underscores the importance of the well-recognized "presumption in favor of remand" because "if a federal court reaches the merits of a pending motion in a removal case where subject matter may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **REMAND** this case to the Sixth Judicial Circuit, in and for Pinellas County, Florida, pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction.

(2) After remand has been effected, the Clerk shall **CLOSE**

**THE CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u> day of July, 2016.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE